UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Case No. _____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | Title 8, U.S.C., Section 1324(a)(2)(B)(ii)- |
| ) | Bringing in Illegal Alien(s) for |
| **Ramon CORTES-Lopez** ) | Financial Gain |
| ) | Title 18, U.S.C., Section 2- |
| Defendant. ) | Aiding and Abetting |
| ) | Title 18, U.S.C., Section 1544 |
| _____ ) | Misuse of Passport |

The undersigned complainant being duly sworn states:

### Count 1

On or about February 6, 2008, within the Southern District of California, defendant **Ramon CORTES-Lopez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Paula GALLEGOS-Martinez and Araceli SOTO-Diaz**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Count 2

On or about February 6, 2008, within the Southern District of California, defendant **Ramon CORTES**-Lopez did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting United States passport number 308475251, issued in the name Bacilio NUNEZ, to a Department of Homeland Security, Customs and Border Protection Officer, at the San Ysidro Port of Entry, knowing full well that he was not Bacilio NUNEZ, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport; in violation of Title 18, United States Code, Section 1544.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **FEBRUARY, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Paula GALLEGOS-Martinez and Araceli SOTO-Diaz** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 6, 2008, at approximately 0840 hours, **Ramon CORTES-Lopez (Defendant),** applied for admission to the United States through primary lane 8 of the San Ysidro, California Port of Entry. Defendant was the driver of a 1987 Cadillac Deville. Defendant presented as his own a genuine United States Passport, not lawfully issued to him bearing the name Bacilio Nunez, to the Customs and Border Protection (CBP) Officer. Defendant stated to the CBP Officer that he was going to San Ysidro, California. The Defendant also presented to the CBP Officer, two different Border Crossing Cards (DSP-150) bearing the names Maritza Haydee LIZARRAGA-Castanon and Magda Patricia MENDIVIL-Armenta on behalf of two female passengers. The CBP Officer identified the driver and passengers as being impostors to the documents presented. The vehicle and its occupants were escorted to secondary for further inspection.

In secondary, Defendant and the passengers were confirmed to be impostors to the documents presented. The two female passengers were determined to be citizens of Mexico without legal documents to enter the United States. The two females admitted to their true identities are now identified as **Paula GALLEGOS-Martinez (MW1)** and **Araceli SOTO-Diaz (MW2).**

Defendant was queried by ten-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS resulted in a positive match to the query, confirming Defendant's identity and linking him to Immigration and FBI records. The Automated Biometric Identification System (IDENT) revealed Defendant was apprehended for alien smuggling by CBP Officers at the San Ysidro and Otay Mesa Ports of Entry on seven previous occasions.

Immigration service records including the Deported Alien Control System (DACS) revealed that Defendant is a citizen of Mexico and has been previously removed from the United States to Mexico. DACS indicates Defendant was ordered deported, excluded or removed by an Immigration Judge from the United States to Mexico on or about December 21, 1989 and most recently deported, excluded or removed to Mexico on or about October 29, 2007. Immigration service records contain no evidence that Defendant has applied or received permission from the United States Attorney General or his designated successor, the secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.

During a videotaped interview, Defendant was advised of his Miranda rights and elected to answer questions without an attorney present. Defendant admitted knowledge of the passengers' undocumented status. Defendant denied he was to be paid any money to smuggle the passengers into the United States. Defendant admitted he was to take the vehicle and persons to Chula Vista, California. Defendant admitted he is a citizen of Mexico by virtue of his birth in Mexico. Defendant admitted he has no legal entitlements to enter the United States. Defendant admitted he presented the United States Passport to the primary CBP Officer for the specific purpose of gaining entry into the United States. Defendant admitted he purchased the United States Passport from an unknown smuggler in a bar establishment in Tijuana, Mexico for $300.00 USD. Defendant admitted he is not the true and lawful bearer of the document.

A videotaped interviews were conducted with Material Witnesses. Material Witnesses stated they are citizens of Mexico without legal documents to enter the United States. Material Witnesses stated they made arrangements directly with unknown smugglers in Tijuana, Mexico and were to pay between $1,500.00 and $2,000 USD upon successfully being smuggled into the United States. Material Witnesses admitted their intention was to travel to Los Angeles, California to seek residency and employment. MW2 stated the Defendant gave her and MW1 the Border Crossing Cards (DSP-150) while inside the vehicle as they traveled to the San Ysidro, California Port of Entry.